**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In Re: : | Case No.: 09-51891 (ahws) |
| : | |
| Action Motors Corporation : | Chapter 11 |
|     Debtor : | |
| : | |
| Action Motors Corporation : | |
|     Movant : | |
| : | |
| v. : | |
| : | |
| Chrysler Financial Services America LLC : | |
| General Electric Capital Solutions : | |
| The Internal Revenue Service : | |
|     Respondents : | February 2, 2010 |

**DEBTOR'S MOTION FOR AN ORDER: (A) AUTHORIZING DEBTOR TO SELL CERTAIN PROPERTY OUTSIDE THE ORDINARY COURSE OF BUSINESS FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS; (B) FINDING THAT THE SALE TO THIS PURCHASER WAS IN GOOD FAITH; AND (D) PROVIDING FOR A WAIVER OF B.R. 6004**

The Debtor, Action Motors Inc ("Action") moves pursuant to 11 U.S.C. §363 (b) and (f) and Bankr. Rules 2002 and 6004 for the relief recited above and in support of the motion, states as follows:

**Brief Background**

1. Action filed its voluntary petition for Chapter 11 relief on September 23, 2009. The Debtor continues to operate and manage its property as debtor-in-possession pursuant to 11 U.S.C. §1107(a) and 1108.

2. An unsecured creditor committee has not been appointed.

3. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §157 and 1334. Venue is proper pursuant to 28 U.S.C. §1408 and 1409. This is a core

matter pursuant to 28 U.S.C. §157(b), § 363(b) and (f) and Bankr. Rules 2002 and 6004.

4. The Debtor herein seeks entry of an Order (a) Authorizing Debtor to sell certain assets consisting of all personal property of the Debtor outside the ordinary course of business free and clear of liens, claims, encumbrances and interests; (b) (c) Finding that this sale to the named Purchaser is made in good faith pursuant to §363(m); Providing for a waiver of B.R. 6004.

5. At this time the Debtor is winding down its entire operation. It no longer sells any new vehicles, it has greatly reduced its payroll and currently has only 8 employees out of a high of 80 in years past. The Debtor is seeking evaluations by auctioneers for the remaining equipment, tools and other hard assets. The Debtor has been selling off its vehicle inventory and only has these 11 vehicles left in inventory. The remaining operations are not sufficient to continue the ongoing expenses of the building and the Debtor needs to sell off all of these items and vacates the premises. A liquidating Plan of Reorganization was recently filed which provides for the payment of allowed claims in order of priority.

**Basis of Relief Requested - Sale of the Debtor's remaining inventory of used automobiles**

6. The Debtor has received an offer to purchase the vehicles, a copy of which is annexed as **Exhibit A**. The purchase price is $86,800.00. There are no contingencies other than the entry of a final order by the U.S. Bankruptcy Court in this case approving this sale.

**Asset Valuation, Market Exposure and Terms.**

7. The Debtors strongly believes that the proposed sale price is fair and

reasonable and that the sale should be approved and submits the following in support thereof.

8. Annexed as **Exhibit B** is a detailed list of the vehicles to be sold, current mileage, offers made on the vehicles by local vehicle wholesalers, the established Kelly Blue Book values for the vehicles and the offer for the vehicles.

    a) The total of the best offer made was $79,500; the total value based on the Blue Book is $74,900 and the current offer is $86,800.

    b) If the vehicles are brought to the regular auto auction there will also be significant additional expenses for transportation costs to the auction and auction fees.

9. Therefore the proposed purchase now submitted to the Court represents the highest and best offer received and is certainly the best net offer the Debtor will ever obtain for the vehicles. It is important for the Debtor to sell the vehicles promptly in order to eliminate ongoing expenses associated with the vehicles such as insurance, taxes and other overhead and also in order to be able to vacate the property as soon as possible.

10. A debtor-in-possession may sell assets out of the ordinary course of business pursuant to 11 U.S.C. §363(b) if there is a sound business justification for doing so. In re Lionel Corp., 722 F.2d 1062, 1070 (2nd Cir. 1983); In re Naron & Wagner, Chartered, 89 B.R. 85, 89 (Bankr. D. Md. 1988) (adopting standard set forth in Lionel Corp.) See also, McDow v. Official Committee of Equity Security Holders of Criimi Mae, Inc., 247 B.R. 146, 149 (D. Md. 1999) ("court may authorize the use of estate Properties other than in the ordinary course of business when some business

justification for doing so exists"). Accord, Fulton State Bank v. Schipper, 933 F.2d 513, 515 (7th Cir. 1991); Stephen Industries v. McClung, 789 F.2d 386, 389-90 (6th Cir. 1986) (adopting In re Lionel Corp., supra)

11.  Moreover, such sales may be completed free and clear of all liens, encumbrances or any other such interest in the properties to be sold if:

   a) applicable non-bankruptcy law permits sale of such properties free and clear of such interest;

   b) such entities consent;

   c) such interest is a lien and the price at which such properties are to be sold is greater than the aggregate value of all liens on such Properties;

   d) such interest is in bona fide dispute; or

   e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.  11 U.S.C. §363(f).

16.  The proposed sale may be completed free and clear of any liens or encumbrances because (i) applicable non-bankruptcy law permits the senior secured lender to foreclose on the assets, take title and sell them for its own benefit; (ii) the lien holder, Chrysler Financials Services Americas LLC, has been constantly pressuring the Debtor to sell of its remaining inventory and therefore presumably consents to the sale; (iii) based on large debt reduction and other collateral held, the sale price for these vehicles is greater than the aggregate of the liens on the vehicles or (iv) any such interest holder could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.

17.  The Debtor's business justification for the sale is set forth in paragraphs 5-

9 above. The Debtor has not been able to sell these vehicles to the public, its needs to seel them now and eliminate the associated debt and its is quickly winding down the remaining business operations.

18. All sale proceeds will be remitted to Debtor's counsel, James M. Nugent, and will be held for later distribution pursuant to the terms of a confirmed Plan or another court order.

**Good Faith Sale and Waiver of Stay**

19. The Contract terms were reached after many months of effort by the Debtor to sell the vehicles to the public. The proposed sale price is greater than the established book value and greater that the highest offer received from an auto wholesaler. Therefore the price to be paid is fair to the creditor s of the estate. The Debtor believes that the Purchaser is proceeding in good faith and is therefore, entitled to the benefits afforded by 11 U.S.C. §363(m).

20. The proposed purchaser, AJZ Trailer Sales, is a Connecticut corporation owned in part by the wife of the owner of the debtor and in part by other unrelated parties. The debtor's owner, Michael Bernstein, does not and will not have any ownership in the purchaser corporation.

22. In addition, the Debtor moves for a waiver of the 10 day stay imposed by Bankr. Rule 6004 (g) and that this Order shall be effective immediately upon entry.

**Notice to Parties**

23. The Debtor intends to serve this motion and order on: the U.S. Trustee, the Purchaser, parties with an interest in the collateral any interested party who/which have appeared and requested notice.

WHEREFORE, the Debtor moves for the entry of an Order authorizing the sale of the Debtor's Assets free and clear of liens and encumbrances, with liens to attach to the proceeds, for the distribution of the sale proceeds to Debtor's counsel and for the delivery of all documents necessary to effectuate said sale and transfer title to said vehicles.

THE DEBTOR,

BY: _____
James M. Nugent ct08822
Harlow, Adams & Friedman
300 Bic Drive
Milford, CT 06461
(203) 878-0661